GOODES *v.* LANSING & SUBURBAN TRACTION CO.

1. Evidence—Opinions—Nonexperts—Competency.

　Nonexpert witnesses, passengers in an electric car which left the track, may express an opinion as to the speed at which the car was traveling at the time.

2. Death—Damages—Instructions—Sufficiency.

　In an action for the death of one who left surviving him a widow and child, instructions upon the subject of damages and the use of the expectancy tables in computing the same, examined, and *held*, not open to the objection, construed as a whole, that they charged the defendant with damages twice, covering the same period, nor that they were so ambiguous and uncertain that the jury could not compute the damages with any degree of certainty.

Error to Genesee; Wisner, J. Submitted October 18, 1907. (Docket No. 92.) Decided December 30, 1907.

Case by Fred W. Goodes, administrator of the estate of George W. Burton, deceased, against the Lansing & Suburban Traction Company for the negligent killing of plaintiff's intestate. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Moore, Brown, Miller & Ladd,* for appellant.

*Lyon & Moinet,* for appellee.

Moore, J. This is an action brought by the administrator of the estate of George W. Burton, deceased. Plaintiff's decedent, George W. Burton, took defendant's train in the city of Lansing on August 20, 1905, for the city of St. Johns. The train consisted of an electric motor car and trailer. The motor car was a closed car having trucks at both ends, the trailer an open car with a single truck under it without any means of propelling itself. Mr. Burton was in the trailer car, which, when on

a down grade and at a curve, left the track.  Mr. Burton was thrown from the car and received injuries which in the course of a few hours proved to be fatal.  He left a widow and one child.  From a judgment in favor of the plaintiff the case is brought here by writ of error.

The first group of assignments of error calling for discussion relate to the testimony of several witnesses as to the speed of the train.  It is claimed it was not shown the witnesses were qualified to express an opinion, and also that it was not competent to receive the opinion of a witness who was a passenger in an electric car as to its speed. The testimony was properly received under *Mertz* v. *Railway*, 125 Mich. 11, and the cases there cited, and *Garran* v. *Railroad Co.*, 144 Mich. 26.

Error is assigned upon the refusal to give certain of defendant's requests to charge.  Certain of defendant's requests were given.  Those not given were either not correct statements of the law or were fully covered by the general charge of the court.

Error is assigned upon the charge as given.  Counsel say "the charge is clearly prejudicial as, under the charge of the learned circuit judge, the defendant is charged with damages twice covering the same period, and the charge is so ambiguous and uncertain that the jury would not have been able to compute the amount of damages with any degree of certainty."  Before we can decide this contention intelligently, we should consider the material parts of the charge bearing upon that subject, which in part are as follows:

Requests presented by defendant:

" 'In determining the amount of damages the plaintiff shall recover, if any, I instruct you, that you shall take into consideration the uncertainty of life as well as the expectancy of life as shown by the mortality tables introduced in evidence by the plaintiff in this case as applied to the life of the deceased and the surviving widow and child.' * * *

" The fifth one I give you:

" 'I instruct you that the damages that can be recovered by plaintiff in this case, if any, cannot exceed the expectancy of the life of the deceased, George W. Burton.'

"And the tenth I give you as follows:

" 'If, in your deliberations, you come to the question of damages, I instruct you that in making your computation as to what amount of damages plaintiff is entitled to recover, you shall take into consideration not only what the deceased was earning at the time of his death, and his prospects for his increasing his earnings, but shall also consider the likelihood of the earnings of the deceased becoming less during the latter years of his life had he lived, and also any period of the time that his earnings might have ceased, due to sickness or other causes, if any.'

"I will add to that, that in your judgment in any way would lessen his ability or his desire to contribute to his family.     *     *     *"

In his general charge: · "If you find for the plaintiff you must give only such sum as will fairly and reasonably compensate the widow and child for their loss, or such sums of money as you may find the husband and father would have contributed to them during the minority of the child and the life of the widow.     *     *     *

"But if you find this railway company is liable to the administrator of that estate for the death of Mr. Burton then you will first ascertain what sum Mr. Burton was contributing to his wife and child per year, and if you find that such contribution would naturally and surely increase in the future you will take that into consideration. *     *     *

"Now, when you have ascertained the amount that he was contributing and would contribute up to this date, you will set that sum aside, because whatever sum he was paying and contributing he would pay and contribute up to this time is due and payable now, and nothing can be deducted from it, so you will set that sum aside. Now you will remember he died on the 20th of August, 1905. You must find the amount his contribution would be to the widow and child from that date up to the 10th day of January, 1907. You will set that sum aside and let it constitute a sum by itself. Then you will determine the expectancy of life of the child; for instance, you will determine whether, in your judgment, the child, from the evidence in the case and from the appearance of the child itself as you have seen it here about the court-room,

whether in your judgment the child will live to be 21 years of age, and whatever time you will determine, you do determine the child will live, why you will fix that as his expectancy of life.   You will then consider the expectancy of the life of the widow and the expectancy of the life of the husband and father, and if you find that the expectancy of the life of the widow is less than you should find that the expectancy of the life of the husband is, then you will base your calculation on the expectancy of the life of the widow. . In any event it must not exceed what you find to be the expectancy of the life of the husband, because the tables that are offered in evidence here show the expectancy of the wife to be 39 years and the expectancy of the husband to be 38 years, but you cannot go beyond the life of the husband.   If you find that the expectancy of the widow is less than his expectancy, then you must use her expectancy in the calculation that you make.

"Now, having done that, having fixed those various expectancies, you will determine the amount of contribution and as it is payable in advance now for all the time that you shall fix, it must be determined on the principle of annuities, you must give such a sum as from year to year put at interest at five per cent. would give the whole sum that you find, so you will take the sum of the contributions as you find it to be, and for the first year of the expectancy you will divide it by 1.05, and the sum that you get by that division you will set one side and keep it one side, right under the sum that you have already set aside for the sum that is due up to this date.   You will then take the second year using the same sum that you have fixed only divide that sum by 1.10, and set that sum in a column that I have mentioned.   The third year you will divide that sum by 1.15, and set that sum aside and figure in that way up to 21, until you find the child will become 21 years of age.   Now, up to that point you will use the entire sum of what you find to be the contribution, but when you reach that point then in my judgment you must separate and you must stop the contribution to the child, and from that time on use the sum that you find the contribution would be to the wife, having deducted that sum that would go to the child and then continue with that figuring on until you have reached the full expectancy of the life of the widow, using as I say an additional five for every year as you would go along, and carrying these sums out

after you have made that computation, then add up all those sums that you have carried one side, and that would be the amount of your verdict."

We must assume the jurors were intelligent men and that they considered the entire charge. The effect of the charge was to say to the jury that the tables, when Mr. Burton died, showed his expectancy of life to be 38 years, and of his wife to be 39 years; but that they were not controlling, and that the uncertainty of life as applied to the deceased, the widow, and the child must also be considered; that as to the widow her expectancy of life must not be exceeded nor must the expectancy of the deceased be exceeded. That as to the child his expectancy must not be exceeded, nor must the expectancy of his father be exceeded, nor could damages be allowed on his account after he became 21 years of age. That as to the widow and child, as they were both alive at the time of the trial, the period of time from August 20, 1905, when the accident occurred, to the date of the charge, January 10, 1907, was no longer an expectancy, but was a certainty, and must be so treated in the computation. That as to the future of the widow, child, and deceased the matter was an expectancy and as the judgment was for a sum then due, these expectancies must be reduced to their present worth. See *Rouse* v. *Railway*, 128 Mich., at page 155. When the charge is read as an entirety we do not think it can be said to have misled the jury. The other assignments of error do not call for discussion.

Judgment is affirmed.

McALVAY, C. J., and CARPENTER, OSTRANDER, and HOOKER, JJ., concurred.